UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TANIESHA MITCHELL,**

      **Plaintiff,**                          Civil Action No.: 13-CV-12257

  vs.                                  District Judge Paul D. Borman

                                         Magistrate Judge Mona K. Majzoub

**ROOSEN VARCHETTI &
OLIVER, PLLC, a Michigan
Limited Liability Company,**

      **Defendant.**

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO VACATE CLERK'S ENTRY OF DEFAULT [6]

Before the Court is Defendant's Motion to Vacate Clerk's Default as Improperly Entered. (Docket no. 6.) Plaintiff filed a Response (docket no. 10), and Defendant filed a Reply (docket no. 11). The Motion has been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 7.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Order.

**I.    Facts**

Plaintiff filed her Complaint on May 20, 2013, alleging violations of the Fair Debt Collection Practices Act, the Michigan Occupational Code, and the Michigan Collection Practices Act related to collection activities on a default judgment entered in favor of Defendant against Plaintiff in another matter. (Docket no. 1.) Defendant is a Michigan Professional Limited Liability Company; Paul Varchetti is the registered agent. (*See* docket no. 6-1 at 1.)

On May 23, 2013, Plaintiff served Defendant with a copy of the Summons and Complaint via certified mail. (*See* docket no. 3.) The package was signed for by Sue Kruk, one of Defendant's

receptionists. (*See* docket no. 6-1 at 1.) Defendant did not file an Answer, and on June 17, 2013, Plaintiff requested that the clerk's office enter a default against Defendant. (Docket no. 4.) On June 18, 2013, the clerk's office granted Plaintiff's request. (Docket no. 5.)

**II.     Analysis**

Under Federal Rule of Civil Procedure 55(c), for good cause shown, a court may set aside an entry of default. In exercising its discretion whether to set aside an entry of default, a court considers three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *See United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). A "district court enjoys considerable latitude . . . [in granting] a defendant relief from a default entry." *United States v. Real Property, All Furnishings Known as Bridwell's Grocery*, 195 F.3d 819, 820 (6th Cir. 1999) (internal quotations and citations omitted). But "when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a wilful failure of the moving party to appear and plead." *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir. 1986). Federal courts, in their determinations to set aside defaults, strongly favor decisions on the merits. *See Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990). In fact, the policy is so strong that even when a defendant wilfully evades service of process, a court may set aside a default. *Id.* at 622.

**A.     Prejudice to Plaintiff**

Plaintiff will not suffer any prejudice in setting aside the default. Even if a plaintiff will suffer some delay in its recovery if a trial on the merits takes place, "delay alone is not a sufficient basis for establishing prejudice." *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391,

398 (6th Cir. 1987). The types of prejudice that would warrant not setting aside a default include "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* Here, Plaintiff has not alleged or shown that she would suffer any prejudice if the Court were to set aside the entry of default. Instead, Plaintiff's Response to Defendant's Motion merely alleges that service was proper, that Defendant has failed to show good cause to set aside the default, and that Defendant does not have a meritorious defense. (*See* docket no. 10.) Therefore, this factor weighs in favor of Defendant.

       **B.**     **Meritorious Defense**

With regard to the second factor, Defendant has asserted a meritorious defense. A defendant must state "a defense good at law" to establish a meritorious defense. *INVST Fin. Group*, 815 F.2d at 398-99. The asserted meritorious defense is sufficient so long as it contains "'even a hint of a suggestion' which, [if] proven at trial, would constitute a complete defense." *Id.* A defendant does not need to support its defense with "detailed factual allegations to be deemed meritorious." *United States v. $22,050 United States Currency*, 595 F.3d 318, 326 (6th Cir. 2010). Further, a defendant need not demonstrate a likelihood of success on the merits. *Berthelsen*, 907 F.2d at 621-22. Moreover, all ambiguous or disputed facts must be resolved in the light most favorable to the defendant. *INVST Fin. Group*, 815 F.2d at 398.

Here, Defendant draws the Court's attention to its Motion to Dismiss, which was filed shortly after its instant Motion. (*See* docket nos. 9 and 12.) In its Motion to Dismiss, Defendant argues that Plaintiff's Complaint does not include any factual allegations that, if true, would amount to statutory violations, and therefore, Plaintiff has failed to state a claim. (*See* docket no. 12.) Regardless of

3

whether Defendant's Motion to Dismiss will be granted on its merits, this asserted defense is sufficient to satisfy the requirements of rule 55(c).

### C. Defendant's Conduct and Plaintiff's Service

For the Court to find Defendant culpable, it would have to find that Defendant "display[ed] either an attempt to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv.*, 796 F.2d at 194. Here, not only does Defendant's conduct fail to meet this standard, but Plaintiff failed to effectuate proper service under Fed. R. Civ. P. 4(e) and Mich. Ct .R. 2.105.

Mich. Ct. R. 2.105(D) governs the service requirements on private corporations in Michigan[1]:

> (D) Private Corporations, Domestic and Foreign. Service of process on a domestic or foreign corporation may be made by
>
> > (1) serving a summons and a copy of the complaint on an officer or the resident agent;
> >
> > (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;

---

[1]The Michigan Court Rules do not specifically list Limited Liability Companies under any particular subsection of Rule 2.105, but this Court and the Michigan Court of Appeals have applied the provisions of subsections D, E, and H to matters involving such entities. *See J&J Sports Prod., Inc.v. Washington*, No. 11-14890, 2013 WL 1701008, *2 (E.D. Mich. Apr. 18, 2013) (Borman, J.) (compiling cases from the Michigan Court of Appeals); *Kalla Inv. Corp. v. FDIC,* No. 12-13689, 2013 WL 4029091, *2-3 (E.D. Mich. Aug 8, 2013) (Murphy, J.) (adopting Report and Recommendation of Whalen, M.J. (citing *Bullington v. Corbell*, 293 Mich. App. 549, 558 (2011))). None of these courts found that either certified mail or registered mail was an appropriate form of initial service, but because Plaintiff relies on subsection D, the Court will address Plaintiff's argument under the same.

>> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
>
> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if
>
>> (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate or that appointment as required by law;
>>
>> (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
>>
>> (c) the corporation's term of existence has expired.

Mich. Ct. R. 2.105.

A plain reading of Mich. Ct. R. 2.105 indicates that mailing a copy of the summons and complaint by registered mail is only appropriate in the limited circumstances set forth in subsection (D)(4). Plaintiff, however, asserts that the Michigan Court Rules use the terms "serving," "delivering," and "sending" in different instances, and therefore, when the Rules allow a party to "serve" a defendant, they do not require the party to "deliver" the summons and complaint personally. (Docket no. 10 at 3.) In addressing a similar argument and finding that subsection D does not contemplate mailing a copy of a summons and complaint as an initial form of service, another Magistrate Judge in this District discussed as follows:

> Any . . . doubt is clarified by reading Mich. Ct. R. 2.105(D)(1) in conjunction with 2.105(D)(2). Together, the Rules make plain that "serving" is separate and distinct from "sending" by mail. As another court in this District recently summarized in recommending setting aside a clerk's entry of default:
>
>> The governing state law, Michigan Court Rule 2.105(D)(1), does not permit service by mail on the registered agent, as made clear by reading subsection (D)(1) in conjunction with subsection (D)(2), which includes a registered mail provision. As District Judge Robert H. Cleland explained, Michigan

> law allows service on a corporation "by serving a summons and a copy of the complaint on an officer or the resident agent personally or, alternatively, by serving a summons and a copy of the complaint on a director, trustee or person in charge of the office as well as sending a summons and a copy of the complaint by registered mail." *Masher v. Kabacinski*, 2007 U.S. Dist. LEXIS 6195.2007 WL 295006, *2 (E.D. Mich.2007) (emphasis added). And, as District Judge Victoria A. Roberts held, the "deliberate distinction" between subsection (D)(1) and subsection (D)(2) "suggests that the Michigan Supreme Court did not intend that the term 'serving' be interpreted as synonymous with 'mailing.'" *State Farm Fire and Cas. Co. v. Hamilton Beach/Proctor-Silexex, Inc.*, 2007 U.S. Dist. LEXIS 2015, 2007 WL 127909, *4 (E.D. Mich.2007). In this case, plaintiff only served the complaint by registered mail and thus, did not comply with either of the proper service options available for service of corporations under Rule 4(h) and Michigan law.
>
> *Capaldi v. Am. Credit & Collections LLC*, No. 12- 10254, 2012 U.S. Dist. LEXIS 184157, at *3-4, 2012 WL 6822038 (E.D. Mich. Dec. 13, 2012), report and recommendation adopted, 2013 U.S. Dist. LEXIS 3233, 2013 WL 118910 (E.D. Mich. Jan. 9, 2013); *see also Adams v. Wilmington Finance/AIG*, 2012 WL 2906082 (E.D. Mich. Apr. 10, 2012)("Federal Rule of Civil Procedure 4(h) does not envision service by mail as being a proper way of serving a corporation with a complaint and summons unless the law of the state in which the district court sits, or the law of the state in which service was effected, so permits . . . . Michigan law does not permit service of process to a corporation by mail alone, certified or otherwise. Mich. Court R. 2.105(D)."), report and recommendation adopted, 2012 U.S. Dist. LEXIS 98167 (E.D. Mich. July 16, 2012); *Bullington v. Corbell*, 293 Mich. App. 549, 809 N.W.2d 657 (2011) (analyzing Mich. Ct. R. 2.105(D) and 2.105(H) and concluding, "The [Michigan] Court Rules simply do not contemplate that a plaintiff may use certified mail as an initial form of service on corporate entities of any kind [including an LLC]. Thus, as a matter of law, plaintiff insufficiently served [defendants] by sending process through certified mail.")

*Etherly v. Rehabitat Systems of Michigan*, No. 13-11360, 2013 WL 3946079, *5-6 (E.D. Mich. July 31, 2013) (Borman, J.) (adopting Report and Recommendation of Michelson, M.J.) (edits and omissions in original). Like the plaintiffs' arguments in all of the cases cited above, Plaintiff's argument here fails. Defendant was not properly served.

### III. Conclusion

For the above-stated reasons, **IT IS THEREFORE ORDERED** that Defendant's Motion to Vacate Clerk's Default (docket no. 6) is **GRANTED**.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: November 26, 2013       s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order to Show Cause was served upon Counsel of Record on this date.

Dated: November 26, 2013       s/ Lisa C. Bartlett
                               Case Manager