UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANIESHA MITCHELL,

    Plaintiff,                      Case No. 13-12257

v.                                        Paul D. Borman
                                          United States District Court

ROOSEN VARCHETTI & OLIVER, PLLC,

    Defendant.
_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S AMENDED MOTION TO DISMISS (Dkt. No. 12).**

Plaintiff Taniesha Mitchell ("Plaintiff") filed her complaint on May 20, 2013. On June 17, 2013, Plaintiff requested a Clerk's Entry of Default against Defendant. (Dkt. No. 4). The Default was entered on June 18, 2013. (Dkt. No. 5). Shortly thereafter, on June 20, 2013, Defendant filed a motion to vacate the entry of default. (Dkt. No. 6). This matter was referred to the Magistrate Judge, who granted the motion to vacate on November 26, 2013. (Dkt. No. 16).

The matter now before the Court is Defendant's Amended Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or in the alternative a Motion for a More Definite Statement pursuant to 12(E).[1] (Dkt. No. 12). Plaintiff filed a response (Dkt. No. 13) and Defendant then filed its reply (Dkt. No. 15).

The Court has determined there is no need for oral argument and will decide the matter based on the parties' briefs. E.D. MICH. LR 7.1(f).

---

[1] Defendant originally filed a motion to dismiss on June 27, 2013. (Dkt. No. 9). Defendant filed an amended motion to dismiss or in the alternative for a more definite statement on July 9, 2013. (Dkt. No. 12).

# I. BACKGROUND

Plaintiff alleges in her complaint that Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Automotive Credit Corporation in the amount of $10,788.29. (Compl. ¶ 6). Defendant previously sued Plaintiff and was granted a default judgment against her in the 36th District Court of Detroit. (*Id.* ¶ 7).

In July 2012, Defendant garnished $1,384.28 from Plaintiff. (*Id.* ¶ 8). Soon thereafter Plaintiff established a payment plan with Defendant and paid $300.00 to Defendant every month until April 2013. (*Id.*).

In early April 2013, Plaintiff contacted Defendant by phone and inquired about the amount of the remaining balance of her unsatisfied judgment. (*Id.* ¶ 9). "Defendant's representative would not answer Plaintiff's questions and explained that she did not have the information to give." (*Id.*). Plaintiff then informed Defendant's representative that she would not make another payment until she received her account information. (*Id.*). On or about April 26, 2013, Plaintiff received a letter from Defendant which stated: "Please forward your payment, and all arrearage, to our office within 7 days from the date of this letter so that your account may be brought current. If our office does not receive the payment and all arrearage to make your account current within the stated time period, our client has instructed our office to proceed with all post-judgment remedies that it is legally entitled to." (Compl. ¶ 10). The letter also set forth that the amount due was $10,788.29, which was approximately $1,549.41 higher that the original judgment. (*Id.*).

On approximately April 29, 2013, in response to the letter, Plaintiff called Defendant again requesting information regarding her account information including the starting balance and how much she had paid. (*Id.* ¶ 11). Plaintiff was advised that the starting balance was

$9,238.88.  (*Id*.).  Defendant also advised Plaintiff that the balance was "accruing [interest] at 5% every day and that there was nothing they could do about it" and that Defendant would settle the entire debt for $7,000.00.  (*Id*.).  Plaintiff also alleges that Defendant has not pursued any post-judgment remedies as "threatened" in its April 2013 letter.  (*Id*. ¶ 12).

On May 20, 2013, Plaintiff filed the instant lawsuit alleging generally that Defendant's actions violated the Fair Debt Collection Practices Act ("FDCPA"), the Michigan Occupational Code ("MOC"), and the Michigan Collection Practices Act ("MCPA").

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted.  When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).  "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Term. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

The Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Dismissal is only appropriate if the plaintiff has failed to

offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) the Supreme Court clarified the concept of "plausibility" stating:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id*. at 678. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555-556). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 550 U.S. at 562).

Federal Rule of Civil Procedure 12(e) provides that when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response" a party may move for a more definite statement. FED. R. CIV. P. 12(e).

### III. ANALYSIS

Defendant requests that this Court dismiss Plaintiff's three count complaint and argues that Plaintiff has failed to set forth allegations that support her FDRPA or MCPA claims and failed to specify what statutory provisions Defendant violated. Defendant also argues that Plaintiff's MOC claim fails as a matter of law because Defendant is not a "collection agency" as

defined by the statute.

In Count I of the complaint, Plaintiff alleges a violation of the Fair Debt Collection Practices Act ("FDCPA") by stating: "Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. § 1692 et. seq". (Compl. ¶ 17). Plaintiff's complaint does not set forth the relevant language of the applicable FDCPA provision or offer any insight in to what particular behavior of Defendant violated the FDCPA. Similarly, in Count II of the complaint, Plaintiff alleges that Defendant violated that Michigan Occupational Code by stating "Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915." (Compl. ¶ 22). Again, Plaintiff's complaint fails to set forth the relevant language of the applicable MOC provision, and is devoid of any factual allegations specifically provided to explain how Defendant violated this statute. Finally, in Count III of the complaint, Plaintiff alleges Defendant violated the Michigan Collection Practices Act ("MCPA") by regurgitating the same vague, formulaic sentence, which suffers the same pleading deficiencies of Count I and II: "Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252." (Compl. ¶ 28).

The Court agrees with Defendant that Plaintiff's complaint fails to set forth enough facts to establish valid claims. "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 550 U.S. at 562). Indeed, "[i]f, from the well-pleaded facts, the court cannot infer more than the mere possibility of misconduct, the complaint has alleged – but not show[n] – that the pleader is entitled to relief." *Northampton Restaurant Group, Inc. v. FirstMerit Bank, N.A.*, 492 Fed. App'x 518, 521 (6th Cir. 2012)

5

(internal quotation marks omitted, quoting *Iqbal*, 556 U.S. at 679).

In this action, Plaintiff's complaint has left both Defendant and this Court without direction as to what statutory provisions she alleges Defendant violated.  As a result of this vagueness, this Court cannot even evaluate whether Plaintiff has set forth the "material elements" of these violations.  While FED. R. CIV. P. 8 contemplates a "short and plain" statement, the law is well settled that the complaint must state enough facts "to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 555.  Plaintiff's complaint also fails to specify what Defendant did such that it violated the unspecified statutory provisions.  This vagueness is fatal to her claims.  While it appears Plaintiff attempts to rectify the glaring deficiencies in her response brief by asserting with some detail which provisions her factual allegations could support, those facts are not set forth in the complaint at issue.

Therefore, where Plaintiff's complaint utterly fails to allege with any particularity what statutory provisions she is claiming have been violated or specify what facts or actions constitute those same violations, Plaintiff has failed to set forth claims that are "plausible" on their face.

## V.  CONCLUSION

For all these reasons, the Court GRANTS Defendant's Amended Motion to Dismiss (Dkt. No. 12) and DISMISSES Plaintiff's Complaint WITHOUT PREJUDICE.

SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  May 2, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 2, 2014.

                                              s/Deborah Tofil
                                              Case Manager